**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

vs.

**DON GORDON HENRY,**
a/k/a MICHAEL ANTHONY HENRY, a/k/a JAMAICA MIKE,

Defendant

NO. 5: 05-CR-59 (WDO)

**VIOLATION: DRUG Related**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. John Fox of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by the parties, I conclude that the following facts require his detention pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 12, 2005, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant HENRY and the safety of the community if he is released from custody at this time. Although defendant HENRY claims to have resided in the Fort Valley area since 1991, it appears that he has several arrests in the Fort Pierce, Florida area over a period from 1991 through 1995; he has no family ties to the Middle District of Georgia. The offense charged against him is a serious drug felony for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 360 months to LIFE IMPRISONMENT should he be convicted or enter a plea of guilty. The weight of evidence appears to be strong, with cocaine base having been found on or near his person at the time of his apprehension.

Defendant HENRY has a criminal conviction record which includes: TRAFFICKING COCAINE, 7th Circuit Court, Volusia County, Florida, 1995; POSSESSION OF COCAINE, Houston County, Georgia, 1997; POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE, Superior Court of Houston County, 2000; and, POSSESSION OF COCAINE, Superior Court of Dekalb County, 2002.

In addition, it appears that defendant HENRY has been arrested on warrants for failure to appear in court on four separate occasions since 1991. He has a history of allegations that he has violated conditions of probation.

In the court's view, Mr. HENRY poses a very real danger to the community were he to be released from custody. He has demonstrated a propensity to involve himself in serious illegal activity continuously since 1991. He admits to weekly marijuana usage up until the time of his arrest on the charge herein pending. Pretrial detention is therefore mandated. IT IS SO ORDERED.

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 16th day of AUGUST, 2005.



                              CLAUDE W. HICKS, JR.
                              UNITED STATES MAGISTRATE JUDGE