# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**   : | |
| : | |
| **v.**   : | **5:05-CR-59 (WDO)** |
| : | |
| **DON GORDON HENRY,**   : | |
| : | |
| **Defendant**   : | |

## ORDER

Defendant Henry has been indicted for possessing with the intent to distribute crack cocaine in an amount in excess of 50 grams. The government filed a Rule 404(b) motion to introduce evidence regarding two of Defendant's prior drug convictions. The government argues this evidence will show the Defendant had the state of mind necessary to commit the charged offense based on the state of mind necessary to engage in the prior conduct. Defendant Henry contends the evidence is not similar enough to the instant charged offense to be relevant and would be more prejudicial than probative.

Pursuant to Federal Rule of Evidence 404(b)

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Eleventh Circuit has established three prongs that must be analyzed when the Government intends to introduce 404(b) prior bad act evidence. "First, the evidence must be

1

relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Delgado, 56 F.3d 1357, 1356 (11th Cir. 1995) (citation omitted).  A "defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."  Id.  "The relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses.  Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense."  United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (citing Delgado).   Defendant's prior drug convictions clearly fall within the parameters of Federal Rule of Evidence 404(b) as evidence that would tend to show:

- Defendant's motive to sell cocaine as he had on previous occasions;
- Defendant's opportunity to have done so on the occasion alleged in the indictment;
- Defendant's intent to sell the drugs on the date alleged in the indictment;
- Defendant's plan to carry on the drug business in which he had worked for nearly a decade;
- Defendant's knowledge of the business;
- Defendant's identity; and
- the absence of any mistake or accident on Defendant's part.

As required by Rule 404(b), the government provided the Defendant more than reasonable notice

in advance of trial of the specific nature of the evidence it intends to introduce at trial. Further, the Court held a hearing on the matter so that all parties could be fully heard on the issues.

The government also satisfied the three prongs of showing (1) the evidence of the prior convictions will be relevant to an issue other than the Defendant's character, (2) the prior acts are established by sufficient proof to permit a jury to find the defendant committed the extrinsic acts based on the documentary and testimonial evidence expected at trial and (3) the probative value of the evidence outweighs any alleged prejudice to the Defendant based on the government's burden to prove the Defendant's identity and his intent to commit the crime alleged in the indictment. Because Defendant's "not guilty" plea made his intent a material issue in the case, thereby imposing a substantial burden on the government to prove intent, Defendant's argument that the government does not need the evidence is rejected. Finally, comparing the Defendant's state of mind in committing both the extrinsic and charged offenses, the state of mind required for both offenses is identical.

Defendant contends the prior convictions are not "similar enough" because the first one was for simple possession and the later one was for a "possession with the intent to distribute" that was based on the weight of the drugs and the inference that such a large amount of drugs would be distributed rather than possessed for personal use. Defendant's argument is without merit. "Evidence of prior large scale drug trafficking is directly relevant to the question of intent regarding the charged crimes of cocaine importation and distribution." United States v. Calderon, 127 F.3d 1314, 1331 (11th Cir. 1997) (citation omitted). The state of mind required to possess drugs, possess a large quantity of drugs and possess a large quantity of drugs to distribute is substantially similar in this case based on the evidence the government intends to present about the prior acts and the acts

alleged in the current indictment. Finally, the Court has taken into consideration the temporal proximity of the prior acts. Considering the nearly identical nature of the prior acts compared to the charged offenses, the evidence is not unduly prejudicial. The government's 404(b) motion is GRANTED.

Defendant also challenged an incriminatory statement he made to officers at the police station on the day of his arrest. Defendant was arrested after fleeing the location where his co-Defendant Hope Hicks was arrested pursuant to a warrant. Officer Miller testified that, as he went after Defendant, Defendant threw a bag of drugs to the ground. When Officer Miller caught Defendant, Defendant was arrested. Defendant Henry and Hope Hicks were taken to the police station for booking. During the drive to the station, no one asked Defendant a single question. Officer Miller testified that when he informed the Defendant, and his co-Defendant Hope Hicks, they were going to be charged with possession with the intent to distribute drugs, Defendant Henry immediately said "put it on me." That is, place the blame for the drugs on him because the drugs belonged to him and not Ms. Hicks. Defendant Henry contends this was a coerced confession because he was not given a Miranda warning prior to his statement.

Miranda warnings are only necessary when an officer is interrogating a suspect in custody. "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. Volunteered statements of any kind are not barred by the Fifth Amendment." Rhode Island v. Innis, 446 U.S. 291, 299-300, 100 S. Ct. 1682 (1980).

No officer "interrogated" Defendant, or even asked him a simple question. An affirmative statement was made to Defendant regarding the nature of the charges to be filed after which Defendant spontaneously, and clearly voluntarily, stated "put it on me." Defendant's challenge to the voluntariness of his statement is DENIED.

SO ORDERED this 31st day of May, 2006.


S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE