# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 5:05-cr-59 (HL) |
| DON HENRY, | : | |
| Petitioner. | : | |

## ORDER

Before the Court is Petitioner Don Henry's Motion for Reconsideration of the Court's Order denying without prejudice his request for transcripts without prepayment (Doc. 120). As the Court's previous Order indicated, the Court has the power to order the Government to pay for transcripts furnished in proceedings brought under 28 U.S.C. § 2255 to persons who have been permitted to file in forma pauperis. 28 U.S.C. § 753(f). The Court must first determine, however, that the action "is not frivolous and that the transcript is needed to decide the issue presented." Id. Because Petitioner has not yet filed an action under § 2255 nor been permitted to do so in forma pauperis, and because the Court cannot determine whether such a petition would be frivolous, the Motion for Reconsideration is denied without prejudice.

Petitioner's Motion for Reconsideration notes his concern that without his transcripts, he will not be able to formulate a complete and accurate § 2255 motion. His court filings indicate, however, that he has a copy of his trial transcript and only seeks copies of transcripts from several hearings and his sentencing. If the judgment against Petitioner was the result of constitutional violations of such a degree to warrant the extraordinary remedy of relief under § 2255, the documents available to him coupled with his own knowledge of the proceedings in his case should allow him to formulate a reasonably complete motion. Furthermore, if Henry obtains the requested transcripts after he files a motion pursuant to § 2255 and subsequently discovers items that should have been included in the motion, then the Court may, *at its discretion*, allow him to amend his motion.

**SO ORDERED**, this the 19th day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch