IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DON GORDON HENRY, | * | |
| Petitioner, | * | CASE NO. 5:09-CV-90045 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:05-CR-59 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Henry's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to

28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Indictment was returned in this Court on June 16, 2005, charging Petitioner Henry with Possession With Intent To Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(iii), and 18 U.S.C. § 2. (Doc. 1). Petitioner pled not guilty to the Indictment and, after a series of Orders on Motions for Continuance of Trial in the Interest of Justice, a jury found Henry guilty as charged on June 15, 2006. (Doc. 89).

Subsequent to the preparation and report of a PreSentence Investigation, on September 12, 2006, Petitioner Henry was sentenced to a term of life imprisonment for his conviction. (Doc. 99). Henry timely filed a Notice of Appeal. On April 10, 2007, the United States Court of Appeals for the Eleventh Circuit rendered its decision affirming Henry's conviction in the District Court. (Doc. 114).

Contrary to the intimations contained in his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Petitioner Henry did not timely file an application for *writ of certiorari* with the United States Supreme Court. The Docket Proceedings of the United States Supreme Court in *Don Gordon Henry, aka Michael Anthony Henry, aka Jamaica Mike v. United States,* 128 S.Ct. 1135 (2008), reveal that Petitioner Henry filed his application for *writ of certiorari* with the United States Supreme Court on September 21, 2007, and that the Respondent United States filed its Waiver of Right to Respond on December 27, 2007.

**Conclusions of Law**

Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The foregoing is the AEDPA statute of limitations for filing federal habeas proceedings in the District Courts, as codified in 28 U.S.C. § 2255. Finality, for the purposes of a § 2255 motion*,* is "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmance of the conviction." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003).

Moreover, the United States Supreme Court Rule 13(1) provides that "a petition for a writ of certiorari to review a judgement in any case entered by . . . a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Subsection (3) of Supreme Court Rule 13 provides:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).

Therefore, applying the foregoing authority to the procedural facts of Petitioner Henry's case demonstrates that Henry's conviction became final 90 days from April 10, 2007, the date of the judgment of the United States Court of Appeals for the Eleventh Circuit, which would have been July 10, 2007. However, Petitioner Henry did not file his application for *writ of certiorari* with the United States Supreme Court until September 21, 2007, a period of 70 days too late. Petitioner's application was jurisdictionally out of time. U.S. S. Ct. Rule 13(2). Inasmuch as Petitioner Henry's conviction had attained jurisdictional finality on July 10, 2007, he had one (1) year from that date to file a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 as shown in § 2255(f) above. Therefore, Henry's Motion pursuant to 28 U.S.C. § 2255, filed in this court on January 20, 2009,[1] was filed six (6) months and ten (10) days beyond the AEDPA statute of limitations. The fact that the Supreme Court issued a letter dated January 22, 2008, denying without comment Petitioner's application for *writ of certiorari,* which he had not filed until September 21, 2007, did not revive jurisdiction in any court to further entertain Henry's out of time pleadings.

---

[1] "A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States,* 243 F.3d 1299, 1300 (11th Cir. 2001). Henry certifies that he submitted his Motion to the prison mail on January 20, 2009.

3

There is no ambiguity in the *Clay* Court's ruling that the Petitioner's judgment had reached finality on July 10, 2007, when the time expired for his filing an application for *writ of certiorari*, starting the running of his one-year AEDPA period of limitation to file a § 2255 Motion.

The Eleventh Circuit Court of Appeals has held that the AEDPA's one-year limitation period for filing § 2255 Motions may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269 (11th Cir. 1999); see also, *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990) ( "[Federal Courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

In *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002), the Court observed:

> Because it is "an extraordinary remedy," *Steed,* 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). . . . Since the Court has upheld "the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state," through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 Petitioner's appellate issues not to "create a loophole which is contrary to the legislative intent of insuring a greater degree of finality." *Brackett v. United States,* 270 F.3d 60, 69 (1st Cir. 2001), *cert. denied,* 535 U.S. 1003, 122 S.Ct. 1575 (2002).

The one-year period of limitations provided by section 2255 began to run in Petitioner Henry's case on July 10, 2007, the last day on which he could legally file a timely application for a *writ of certiorari* from the Court of Appeals' decision rendered on April 10, 2007. Henry's AEDPA

1-year period of limitation to file a timely Motion To Vacate, pursuant to 28 U.S.C. § 2255, therefore, ran out on July 10, 2008, six months and ten (10) days prior to the filing of his § 2255 Motion on January 20, 2009. While his pleadings may be given liberal construction, "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

Nor does Petitioner's assertion in his Motion To Vacate that, "Counsel refused to file writ of certiorari when requested to do so by movant," work to circumvent the AEDPA time-bar for filing a § 2255 Motion. (Doc. 123 at 2). An attorney misinforming a petitioner as to the deadline for filing a petition does not constitute "extraordinary circumstances" warranting equitable tolling of the federal habeas corpus statute's limitations period. *Helton v. Secretary of the Department of Corrections,* 259 F.3d 1310 (11th Cir. 2001). "Attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby,* 415 F.3d 1250, 1252 (11th Cir. 2005). The same principle applies to timely filing an application for *writ of certiorari.* Petitioner's attorney was not under any legal obligation to file for a *writ of certiorari* from the Unitied States Supreme Court, and Petitioner Henry acknowledges in his Motion as noted above that he knew his attorney was not going to file for such *writ.* Henry could have filed for *writ of certiorari* himself. He, in fact, did so, but not until September 21, 2007, more than seventy (70) days after the Supreme Court's Rule 13 ninety-day time limit. Petitioner's application for *writ of certiorari* was "jurisdictionally out of time," and, thus, a nullity. U.S. Sup. Ct. R. 13(2). Therefore, Henry's AEDPA one-year period of limitation to file his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, could not have been effected beyond the ninety-period which he had to file for a *writ of certiorari* upon the Court

of Appeals decision. His Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, having been filed more than six months late, is time-barred in this court.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Henry's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 6th day of February 2009.

                                              **S/ G. MALLON FAIRCLOTH**
                                              **UNITED STATES MAGISTRATE JUDGE**