**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISON**

| | | |
|---|---|---|
| **DON GORDON HENRY,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | **NO. 5:05-CR-59 (HL)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings Under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Don Gordon Henry's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the <u>Federal Rules of Civil Procedure</u>. Doc. 157. Petitioner contends that the district court erred in denying his Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 as untimely. Because Petitioner seeks relief that is not available under Rule 60(b)(6), and because the district court did not err in denying Petitioner's Section 2255 motion as untimely, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## PROCEDURAL HISTORY

On June 15, 2006, a jury found Petitioner guilty of Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2. Doc. 1. Petitioner was sentenced to a term of life imprisonment for his conviction. Doc. 99. On April 10, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction. Doc. 114. The Docket Proceedings of the United States Supreme Court in <u>Don Gordon Henry v. United States</u>, 552 U.S. 1170 (2008), show that Petitioner filed an application for *writ of certiorari* on September 21, 2007, seventy (70) days out-of-time.

1

On January 20, 2009, Petitioner filed his Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255. Doc. 123. On February 9, 2005, a magistrate judge issued a Report and Recommendation to deny Petitioner's Section 2255 motion because Petitioner's Section 2255 motion was not filed within one-year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The district court adopted the Recommendation over Petitioner's objections and entered judgment dismissing Petitioner's motion on August 6, 2009. Doc. 129. The district court denied Petitioner's application for a certificate of appealability on November 5, 2009. Doc. 140. Petitioner then applied for a certificate of appealability to the Eleventh Circuit, which was denied on March 22, 2010. Doc. 150. On May 17, 2010, the Eleventh Circuit denied Plaintiff's Motion for Reconsideration. Doc. 152. The United States Supreme Court denied Petitioner's application for *writ of certiorari* on February 22, 2011.  Doc. 154. Petitioner then filed this Rule 60(b)(6) motion on April 18, 2011. Doc. 157.

DISCUSSION

Petitioner contends that, pursuant to Rule 60(b)(6) of the <u>Federal Rules of Civil Procedure</u>, the Court should set aside its previous judgment denying his Section 2255 petition as untimely. Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. <u>Fed.R.Civ.P.</u> 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." <u>Fed.R.Civ.P.</u> 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).  The petitioner must show that the circumstances in his case are sufficiently

2

extraordinary to warrant relief. <u>Cano v. Baker</u>, 435 F.3d 1337, 1342. Even if petitioner provides evidence of extraordinary circumstances, the district court must use its sound discretion in determining whether to grant relief. <u>Id.</u>

Petitioner's motion does not seek relief that is available under Rule 60(b), but rather is simply another attempt to appeal the judgment of the court on the merits of his original Section 2255 petition. Rule 60(b) is a rule of civil procedure that allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." <u>Gonzales v. Crosby</u>, 545 U.S. 524, 532 (2008). It cannot be used "to evade the second or successive petition bar contained in 28 U.S.C. 2244(b) by . . . attacking the federal court's previous rejection of a claim on the merits." <u>Gilbert v. United States</u>, 640 F.3d 1293, 1323 (11th Cir. 2011)(citing <u>Gonzalez</u> at 532). Petitioner contends that the district court erred in denying his Section 2255 motion because it improperly calculated the one-year period of limitations within which Petitioner was required to file his Section 2255 motion.  His motion attacks the merits of the Court's decision rather than the integrity of the process, and as such it seeks relief that is not authorized under Rule 60(b).

Petitioner's motion also fails to show that the Court erred in its original decision. Petitioner bases his Rule 60(b)(6) motion on the United States Supreme Court's decision in <u>Holland v. Florida</u>, 130 S.Ct. 2549 (2010), in which the Supreme Court confirmed that AEDPA's one-year period of limitations can be tolled for equitable considerations. Although <u>Holland</u> was the first case in which the Supreme Court recognized equitable tolling, equitable tolling is not a novel concept in the Eleventh Circuit. See, e.g., <u>Sandvik v. United States</u>, 177 F.3d 1269 (11th Cir. 1999). In fact, the original Recommendation to dismiss Petitioner's Section 2255 motion thoroughly examined the issue of whether equitable tolling should have applied in Petitioner's case.

The district court correctly concluded that Petitioner's Section 2255 motion was untimely because Petitioner did not file his Section 2255 motion within one year of the date his conviction became final, as required by the AEDPA. 28 U.S.C. § 2255(f)(1).[1] A conviction becomes final "when time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). United States Supreme Court Rule 13(1) provides that "a petition for a writ of certiorari to review a judgment in any case entered by…a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

Petitioner's conviction became final ninety (90) days from April 10, 2007, the date of the Eleventh Circuit's judgment against Petitioner, which would have been July 10, 2007. Because Petitioner did not file his application for *writ of certiorari* with the United States Supreme Court until September 21, 2007, a period of seventy (70) days too late, Petitioner's application was jurisdictionally out of time. See U.S.Ct. Rule 13(2). Petitioner then had one year from July 10, 2007, to file his Section 2255 motion. Hence, Petitioner's Section 2255 motion, filed on January 20, 2009, was filed six (6) months and ten (10) days after the AEDPA period of limitations expired. The fact that the Supreme Court issued a letter dated January 22, 2008, denying without comment Petitioner's application for writ of certiorari, did not revive jurisdiction in any court to further entertain Petitioner's out of time pleadings. Because the original Recommendation correctly determined the date on which Petitioner's conviction became final and correctly calculated the limitations period, Petitioner's attempt to challenge the decision in a Rule 60(b) motion is futile.

---

[1] The one-year period of limitations may be triggered by other events described in § 2255(f); however, none of those grounds were raised in Petitioner's Section 2255 motion.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's Rule 60(b)(6) motion be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of November, 2011.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge