IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DON GORDON HENRY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| V. | : | NO. 5:05-CR-59 (HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Don Gordon Henry's second 28 U.S.C. § 2255 motion (Doc.174) attacking his 2006 conviction and life sentence for Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (Doc. 1).  See also United States v. Henry, No. 5:05-cr-00059 (M.D.Ga.  Sep. 12, 2006); Henry v. United States, No. 5:09-cv-90045 (M.D.Ga. Aug. 5, 2009) (first §2255 motion).  As this is a successive motion, Henry must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court must dismiss second or successive moti, without awaiting any response from the government, absent prior approval by the court of appeals. Levert v. United States, 280 F. App'x 936, 936 (11th Cir.2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.1997) (same); In re Medina, 109 F.3d 1556, 1561 (11th Cir.1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir.1996).  Because Henry filed

the instant §2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider the same. Consequently, **IT IS RECOMMENDED** that the motion be **DISMISSED**.

After applying the provisions of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of June, 2012.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge